

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
APR 13 2023

| | |
|---|---|
| WILLIAM MARTIN ARDENE DECORY, | 5:23-CV-05015-CBK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff is a state court pretrial detainee at the Pennington County, South Dakota, jail. He has filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is unable to pay an initial filing fee.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim.

Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).  I have conducted an initial review as required by § 1915A.

   I take judicial notice of the records of South Dakota's Unified Judicial System, which are available on the ecourts portal.  Plaintiff has eight pending cases in Pennington County, South Dakota for crimes including threats to law enforcement, simple assault, intentional damage to property, petty theft, disorderly conduct, impersonation, possession of drugs and drug paraphernalia, and ingestion, all such cases being filed between November 2020 and August 2021.

   I also take judicial notice of the records of the United States District Court for the District of South Dakota, available on the PACER.gov portal.  On February 19, 2021, plaintiff was charged in United States District Court, District of South Dakota, 5:21-cr-50042-2-JLV, with the crime of possession of a firearm by a prohibited person.  Following a competency examination in the federal case, in June 2021, Decory and the government stipulated that Decory was not competent and Decory was committed to the custody of the Federal Bureau of Prisons for restoration of competency.  He arrived at a BOP medical facility in November 2021.

   Plaintiff did not comply with the recommended medication regimen prescribed while he was at the BOP medical facility and the government moved for a determination under Sell v. United States, 539 U.S. 166 (2003).  The motion was denied.  The government filed an interlocutory appeal but subsequently moved to dismiss the appeal and to dismiss the federal indictment.  Following the dismissal of the federal indictment, defendant was released from federal custody.  Plaintiff claims in his instant case that he was released in Rapid City, South Dakota, on November 8, 2022, and arrested on the prior pending state charges on November 13, 2022.

   The basis of the instant complaint is his claim that U.S. District Judge Karen E. Schreier and Stanton A. Anker, his court appointed counsel in the now closed federal criminal case, denied him copies of the forensic reports prepared in 5:21-cr-50042-2-JLV.  He seeks removal of Judge Schreier and Anker from their duties and monetary damages.

Construing plaintiff's complaint liberally, plaintiff's complaint is frivolous and fails to state a claim upon which relief could be granted. Judge Schreier was not assigned to the federal criminal case and entered no orders in that case. All documents that were required to be sealed in the federal criminal case were sealed by order of the Hon. Jeffrey L. Viken. Defense attorney Anker had no authority to unseal any sealed documents or to otherwise provide to anyone a copy of the sealed documents. In any event, on December 1, 2022, Attorney Anker, on behalf of Decory, moved for permission from Judge Viken to provide copies of the sealed documents to Decory's state court counsel. Judge Viken entered an order on January 23, 2023, two months prior to the filing of the instant civil case, granting the motion for disclosure.

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. Plaintiff's complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g).

5. Plaintiff's purported application for an order to show cause, Doc. 5, is denied.

DATED this _____ day of April, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3